UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michael Gerard Naessens,<br><br>    Plaintiff<br><br>v.<br><br>Andrew J. Barron and Bart Elliott Levy,<br><br>    Defendants | Case No.: 2:22-cv-01473-JAD-VCF<br><br>**Order Granting Defendant Andrew J. Barron's Motion to Dismiss**<br><br>[ECF No. 7] |

Pro se plaintiff Michael Naessens sues attorney Bart Levy and then-Assistant City Solicitor for Philadelphia Andrew Barron for malicious prosecution and for violating his federal civil rights by filing civil and criminal complaints against him. Barron moves to dismiss the claims against him, arguing that the court lacks personal jurisdiction over him because he is not a resident of Nevada, he has no continuous or systematic contacts here, and Naessens's allegations "solely concern actions which took place in Pennsylvania."[1] Because the record does not support this court's exercise of personal jurisdiction over Barron, I grant his motion to dismiss.

**Discussion**

**I.  A plaintiff can sue an out-of-state defendant in this court only if the defendant has a constitutionally sufficient connection with this forum.**

The Fourteenth Amendment limits a forum state's power "to bind a nonresident defendant to a judgment of its courts,"[2] and Federal Rule of Civil Procedure 12(b)(2) authorizes a court to dismiss a complaint for lack of personal jurisdiction. To determine its jurisdictional

---

[1] ECF No. 7 at 6.

[2] *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).

reach, a federal court must apply the law of the state in which it sits.[3] Because Nevada's long-arm statute reaches the constitutional zenith,[4] the question is whether jurisdiction "comports with the limits imposed by federal due process."[5] A court may only exercise jurisdiction over a nonresident defendant with sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[6]

The law recognizes two categories of personal jurisdiction. The least common of these categories is "general jurisdiction," which exists when the defendant has "continuous and systematic" contacts with the forum state—contacts so pervasive that they "approximate" the defendant's "physical presence" in the forum state.[7] Naessens does not appear to argue that Barron has submitted himself to the general jurisdiction of this court, and nothing in this record even hints that Barron has the continuous and systematic contacts with Nevada necessary to make such a finding. Indeed, Naessens offers nothing to refute Barron's declaration that he has never lived, conducted business, or practiced law in this forum and has visited Nevada only three times for vacation.[8]

The more commonly occurring variety of personal jurisdiction is "specific jurisdiction," which "focuses on the relationship among the defendant, the forum, and the litigation."[9] "The

---

[3] *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)).

[4] Nev. Rev. Stat. § 14.065.

[5] *Walden*, 571 U.S. at 283 (quoting *Daimler AG*, 571 U.S. at 125).

[6] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

[7] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

[8] ECF No. 7-1 at 2–3.

[9] *Walden*, 571 U.S. at 283–84 (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 775 (1984)) (internal quotation marks omitted).

plaintiff cannot be the only link between the defendant and the forum,"[10] and "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum [s]tate" either.[11]  The Ninth Circuit applies a three-prong test to determine whether the court may exercise specific jurisdiction over an out-of-state defendant: (1) the defendant "must have performed some act or consummated some transaction with the forum by which it purposefully availed itself of the privilege of conducting business" in the forum state; (2) the plaintiff's claims "must arise out of or result from [those] forum-related activities; and (3) the exercise of jurisdiction must be reasonable."[12]  To satisfy the purposeful-availment first prong in a tort case like this one, the plaintiff must show that the defendant (1) "committed an intentional act," (2) "expressly aimed at the forum state," and (3) "causing harm that the defendant [knew was] likely to be suffered in the forum state."[13]  Express aiming requires something more than just "untargeted negligence"; the defendant's conduct must be intended to reach a person "whom the defendant knows to be a resident of the forum state."[14]  And the harm prong requires that the defendant's actions be "performed for the very purpose of having their consequences felt in the forum state."[15]

---

[10] *Id.* at 285 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

[11] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

[12] *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *see also Schwarzenegger*, 374 F.3d at 802 (noting that the plaintiff bears the burden of establishing the first two prongs).

[13] *Axiom Foods v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (citations omitted).

[14] *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087–88 (9th Cir. 2000), *overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) (en banc).

[15] *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1260 (9th Cir. 1989).

## II. Barron lacks the connection to Nevada necessary for Naessens to sue him in this court.

The nature of Barron's Nevada contacts puts this case on all fours with the Ninth Circuit's opinion in *Morrill v. Scott Financial Corporation*. In *Morrill*, the court held that a Nevada lawyer who placed calls, sent letters and emails, and filed civil actions in Arizona related to underlying Nevada litigation was not subject to personal jurisdiction in Arizona.[16] The court deemed these Arizona contacts "quite limited and ancillary to the litigation in Nevada,"[17] and it found that the record did not show that these "alleged actions were directed at Arizona," as opposed to "just at individuals who resided there."[18] Like the Nevada lawyer in *Morrill*, Barron is alleged to have sent mail (the civil complaint) and placed a phone call into the forum state. Under *Morrill*, Barron's alleged contacts are insufficient to subject him to the jurisdiction of this court—these contacts were not directed *at Nevada*, they occurred only because Naessens happened to reside here,[19] and Naessens would have felt the same harm "wherever . . . [he] might have resided."[20]

Naessens offers three cases as potential hooks for personal jurisdiction. He first cites my order in *Wang v. Korean Airlines* for the proposition that jurisdiction exists if wherever a person has "a nexus with Nevada longtime residents" and argues that he has "been a resident of Nevada since 2006."[21] But Naessens misapplies the *Korean Airlines* case, in which I found specific

---

[16] *Id.* at 1139.
[17] *Id.* at 1149.
[18] *Id.* at 1148–49.
[19] ECF No. 5 at 5.
[20] *Morrill*, 873 F.3d at 1146 (quoting *Walden*, 571 U.S. at 290).
[21] ECF No. 18 at 2 (citing *Wang v. Korean Airlines Co., Ltd.*, 2021 WL 76954 (D. Nev. Jan. 8, 2021)).

personal jurisdiction because the company "maintains a permanent set of employees and is registered to conduct business here."[22]  Barron has no similar contacts.

Naessens next relies on the Third Circuit's opinion in *O'Connor v. Sandy Lane Hotel Company* for the proposition that his obligation is to identify "some purposeful contact with the forum," and he contends that he met that obligation because he "clearly identified that Andrew Barron [w]as an individual mailing a complaint" to Nevada.[23]  But identification of a contact alone is insufficient to establish jurisdiction.  Naessens must plead facts showing that the contact purposefully availed Barron of the benefits of the Nevada forum—and this Naessens fails to do.[24]  And though Naessens cites the Ninth Circuit's decision in *Dole Food Company v. Watts* to argue that Barron is actually "seeking dismissal on the alternate ground of forum non conveniens,"[25] Naessens fails to explain how *Dole* supports this court's exercise of personal jurisdiction over Barron.  And although Barron may also be suggesting that litigation here would be inconvenient in light of his lack of contacts to this forum, I need not and do not reach that argument because I dismiss the claims against him for want of personal jurisdiction.

## Conclusion

Because this court lacks personal jurisdiction over out-of-state defendant Andrew J. Barron, IT IS ORDERED that Barron's motion to dismiss **[ECF No. 7] is GRANTED.** Naessens's claims against Barron are dismissed for want of personal jurisdiction.  **The Clerk of Court is directed to TERMINATE Andrew J. Barron as a defendant in this action.**

---

[22] *Korean Airlines Co.*, 2021 WL 76954, at *5.

[23] *Id.* at 4–5 (citing *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312 (3d Cir. 2007)).

[24] *Rio Props., Inc.*, 284 F.3d at 1019.

[25] ECF No. 19 at 4–5 (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002)).

Because this dismissal leaves claims pending against Defendant Bart Elliott Levy only, IT IS FURTHER ORDERED that **Naessens must file a motion for clerk's entry of default under FRCP 54(a) by July 10, 2023, or take other action to move this case forward,** or the claims against Levy may be dismissed for want of prosecution.

                                                    _____
                                                    U.S. District Judge Jennifer A. Dorsey
                                                                                June 12, 2023