UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Michael Naessens,

    Plaintiff

v.

Frank Breslin, et al.,

    Defendants

Case No.: 2:22-cv-01473-JAD-VCF

**Order Granting in Part Plaintiff's Motion for Relief from Judgment and Denying All Other Motions**

[ECF Nos. 36, 37, 38, 41, 42]

    Pro se plaintiff Michael Naessens seeks relief from the judgment that was entered in this closed case almost a year ago. He contends that this court lacked personal jurisdiction over a defendant that the parties stipulated to dismiss with prejudice and that he has an undisclosed mental-health condition that made him incompetent to represent himself during this lawsuit.[1] Naessens believes those circumstances mean that the judgment and order closing this case is void under Federal Rule of Civil Procedure (FRCP) 60(b)(4). He also moves for permission to file medical records and the name of defense counsel under seal,[2] and for my recusal.[3]

    I grant in limited part Naessens's motion for relief from the order dismissing *with* prejudice his claims against Lawrence H. Richardson. Because the parties didn't seem to have a meeting of the minds over whether that dismissal was meant to be with or without prejudice, I

---

[1] ECF No. 38. Naessens also filed a "motion to dismiss all prior rulings and orders due to Plaintiff's incompetence to proceed pro se under the U.S. Constitution and Nevada law." ECF No. 36. A motion to dismiss is not the appropriate procedural mechanism to obtain the relief Naessens seeks—an FRCP 60(b) motion for relief from judgment is. Because Naessens's FRCP 60(b) motion covers the same grounds as his "motion to dismiss," I deny the motion to dismiss as improper and duplicative, and consider his arguments instead under the standards governing FRCP 60(b).

[2] ECF Nos. 37, 42.

[3] ECF No. 41.

amend Richardson's dismissal from this case to be one without prejudice. But I deny the rest of Naessens's motion because he hasn't provided justification for any further relief. I deny Naessens's recusal motion because he fails to identify any facts suggesting partiality or bias in this case. And I deny as moot his motions to file documents under seal.

## Discussion

**A.     Naessens doesn't establish that relief is warranted under FRCP 60(b).**

A party may seek relief from "a final judgment, order, or proceeding" only in the circumstances described in FRCP 60(b). Naessens contends that he is entitled to relief from judgment under FRCP 60(b)(4) and (6).[4] FRCP 60(b)(4) permits relief if "the judgment is void."[5] That subsection applies "only in the rare instance [in which] a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."[6] FRCP 60(b)(6) provides a catch-all basis for relief based on "extraordinary circumstances."[7]

### *1.     Richardson's dismissal should have been without prejudice.*

Naessens argues that my dismissal of the claims against Lawrence H. Richardson, Jr. is void because this court lacked personal jurisdiction over Richardson.[8] Richardson was dismissed with prejudice by stipulation by the parties after Naessens, in response to the defendants' motion to dismiss, agreed to dismiss his claims against Richardson and took the position that defendants

---

[4] ECF No. 38 at 2.

[5] Fed. R. Civ. P. 60(b)(4).

[6] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citations omitted).

[7] Fed. R. Civ. P. 60(b)(6); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (quotation omitted).

[8] ECF No. 38 at 3–4.

Andrew J. Barron and Bart Elliott Levy "are the only two defendants now necessary to prove [his] complaint."[9] Naessens primarily takes issue with the fact that Richardson's dismissal was *with* prejudice. Liberally construed, he argues that because this court lacked personal jurisdiction over Richardson and Richardson moved to dismiss on that basis, the dismissal should have been without prejudice.[10] He notes that the with-prejudice dismissal has harmed his ability to bring his claims in the appropriate forum.[11] Richardson responds that Naessens agreed to dismiss the claims against him because "he only needed to proceed against Barron and Levy to prove his case," so a with-prejudice dismissal was appropriate because it was based on the merits of Naessens's claims, not on a jurisdictional defect.[12]

Courts "rely on basic contract principles to interpret" stipulations to settle a legal dispute.[13] In Nevada, "[b]asic contract principles require . . . an offer and acceptance, meeting of the minds, and consideration."[14] "A meeting of the minds exists when the parties have agreed upon the contract's essential terms."[15] Here, it appears that the parties did not have a true meeting of the minds over whether Richardson's dismissal was with or without prejudice. Naessen indicated in his response to Richardson's motion to dismiss that he agreed to dismiss him so that he could "consolidate all complaints" against Richardson into his other federal

---

[9] ECF No. 24 at 1.
[10] ECF No. 38 at 3–4.
[11] *Id.* at 4.
[12] ECF No. 39.
[13] *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).
[14] *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 255 (Nev. 2012) (quoting *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005)).
[15] *Id.* (citation omitted).

3

lawsuit that was pending at the time.[16] Naessens's ability to continue litigating against Richardson in that other case could only be possible if his claims in this case were dismissed *without* prejudice. Though none of this history suggests that Richardson's dismissal is void, it does warrant limited relief under FRCP 60(b)(6). I thus amend that dismissal to be without prejudice.

### *2. Naessens's undisclosed mental-health conditions do not warrant relief.*

Naessens separately argues that he was "diagnosed with a serious mental-health condition and lacked the capacity to proceed pro se without a judicial determination of competence or court-appointed representation."[17] He asserts that the court should have sua sponte inquired into his competency and appointed a guardian ad litem to represent his interests.[18] He contends that the failure to do so violated his constitutional rights.[19]

Naessens cites no authority for the notion that this court should have, unprompted, questioned his competency to litigate a case that he brought before this court. The court's obligation to conduct a competency hearing under FRCP 17(c) arises only when a "substantial question exists regarding the mental competence of a party proceeding pro se . . . ."[20] No such question arose in this case; Naessens actively participated in motion practice, coherently articulated his arguments and allegations, and never informed the court of any condition that affected his competency. The only issue he raised concerning his health was in a motion to extend deadlines, stating that he was suffering from seizures that made it "difficult to

---

[16] ECF No. 24; *Naessens v. Las Vegas Metro. Police Dep't.*, 22-cv-01438-JAD-DJA.

[17] ECF No. 38 at 2.

[18] ECF No. 36 at 2 (citing Fed. R. Civ. P. 17(c)(2) and Nev. Rev. Stat. § 159.048).

[19] *Id.*

[20] *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989).

4

communicate in a timely manner with the court."[21]  That statement did not raise a substantial question concerning Naessens's competency, so the court was under no obligation to determine competency under FRCP 17, and I conclude that his arguments do not justify relief under FRCP 60(b)(6).

Naessens separately but relatedly argues that because he was incompetent to participate in the prosecution of this case, "all court actions taken while [he] proceeded pro se are constitutionally invalid and must be vacated."[22]  He cites *United States v. Gonzalez-Lopez*[23] and *Dusky v. United States*[24] to support his argument.  The United States Supreme Court's opinion in *Gonzalez-Lopez* addresses criminal defendants' right to constitutionally effective counsel.[25]  And the High Court's opinion in *Dusky* concerns the requirement that a criminal defendant be competent to stand trial.[26]  Neither case provides any applicable principles for this civil context, so they are not persuasive here.  Because Naessens doesn't present any extraordinary circumstances that justify further relief, I deny the remainder of his motion for Rule 60 relief.

**B.     Naessens doesn't provide a valid basis for recusal.**

Under 28 U.S.C. §§ 144 and 445, a judge must recuse herself if "a reasonable person with knowledge of all the facts would conclude that [her] impartiality might reasonably be questioned."[27]  Naessens claims that, because partners at my former law firm donated to a

---

[21] ECF No. 16 at 4, 5.
[22] ECF No. 36 at 3.
[23] *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006).
[24] *Dusky v. United States*, 362 U.S. 402 (1960).
[25] *Gonzalez-Lopez*, 548 U.S. at 150.
[26] *Dusky*, 362 U.S. at 402–03.
[27] *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984)).

political campaign before my nomination in 2012, he is concerned that "large defense firms may enjoy favored treatment," while acknowledging that "no direct link to defense counsel in this case has been located."[28] He also takes issue with an order of mine in an unrelated case calling a pro se plaintiff's filings "wholly nonsensical" and argues that such language "suggests an undue predisposition against unrepresented parties."[29]

      Naessens's arguments don't warrant recusal. He produces no evidence or argument to suggest that defense counsel was treated favorably in this case because they are associated with a law firm. He fails to show that I treated him or his allegations unfairly because of his pro se status. At times, filings by pro se litigants and attorneys alike are wholly nonsensical, but pointing that out does not supply a legal basis for recusal.[30]

      Naessens further argues that I entered "conflicting jurisdictional rulings" because I dismissed Richardson for lack of personal jurisdiction in his other case but I "allowed the . . . dismissal with prejudice against Richardson to stand" in this case.[31] Naessens doesn't explain how those dismissals, which occurred based on the different postures and arguments in each case (and particularly because the parties stipulated for dismissal with prejudice in this case), show impartiality or bias. So, because Naessens hasn't shown any facts suggesting impartiality, I deny his recusal motion.[32]

---

[28] ECF No. 41 at 2.

[29] *Id.* at 3.

[30] *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that "judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge").

[31] ECF No. 41 at 3.

[32] Naessens also argues that my alleged failure to sua sponte order a competency inquiry into his mental health warrants recusal. *Id.* As discussed *supra*, Naessens's competency arguments are meritless, so they also don't warrant my recusal.

6

### C.     Naessens's motions to seal are denied.

Naessens moves for leave to file under seal medical records that he contends will support his argument that he had a mental-health condition rendering him incompetent to prosecute his case.[33]  He also moves to seal the identity of a defense attorney contained in exhibits filed in support of his FRCP 60(b) motion.[34]  Naessens fails to comply with this district's local rules governing sealed documents.  He is required to file those documents under seal along with his motion, so the court can review them before determining whether they should remain sealed.[35]  Regardless, I find that the information he seeks to file under seal would not aid in this court's determination of the issues.  Naessens's medical records—which were not provided to the court while this case was open—will not change my conclusion that there was no indication that he was incompetent to participate in this case.  And the documents pertaining to defense counsel's identity do not factor into my decisions in this case.  So those documents shouldn't be filed at all.  I thus deny as moot both motions to seal.

### Conclusion

IT IS THEREFORE ORDERED that Michael Naessens's motion for relief from judgment **[ECF No. 38] is GRANTED in part.  The December 14, 2022, order dismissing *with prejudice* Naessens's claims against Lawrence H. Richardson, Jr. is HEREBY AMENDED to a dismissal *without prejudice*.**  The motion is **DENIED** in all other respects.

IT IS FURTHER ORDERED that Naessens's motions to dismiss and to recuse the district judge **[ECF Nos. 36, 41] are DENIED.**

---

[33] ECF No. 37.

[34] ECF No. 42.

[35] *See* L.R. IA 10-5.

IT IS FURTHER ORDERED that Naessens's motions to seal **[ECF Nos. 37, 42]** are DENIED as moot.

_____
U.S. District Judge Jennifer A. Dorsey
July 10, 2025